IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **Criminal No. 05-153** |
| ) | **Electronically Filed** |
| **RICHARD JAMES HUGHES** ) | |

## Order on Post Sentence Motions

Before the Court are two timely, substantive motions for post sentence relief filed by defendant pro se following his sentence on March 24, 2006, to, inter alia, a term of imprisonment of 180 months and five years supervised release, and a motion to proceed in forma pauperis. As necessary background, the first substantive motion involves defendant's motion to disqualify his counsel (Document No. 53), which the Court addressed in an Order of March 2, 2006, as follows:

> The Court will conduct a colloquy at commencement of the sentencing hearing on March 24th to advise defendant that the Court does not think it wise or in his best interest to waive counsel, and to determine whether defendant knowingly, intelligently and voluntarily intends to waive his right to counsel. If the Court grants the motion, it will appoint [trial counsel] Stephen F. Capone, Esquire, as standby counsel to assist defendant in his sentencing.
>
> The Court will consider the objections and sentencing matters raised in defendant's pro se Supplemental Position with Respect to Sentencing Factors, along with the matters previously raised by the government and by defense counsel in their respective positions with respect to sentencing, and will issue Tentative Findings and Rulings on all such matters and objections prior to sentencing.
>
> The probation office is directed to prepare an addendum addressing the objections raised in defendant's pro se Supplemental Position with Respect to Sentencing Factors.

Order of March 2, 2006 (Document No. 54).

Thereafter, the Court issued Tentative Findings and Rulings (Document No. 59) addressing and rejecting defendant's counseled and pro se objections to the Presentence Report, including defendant's legally frivolous argument that he should not have been designated an armed career criminal.  See *United States v. Randolph*, 364 F.3d 118, 123-24 (3d Cir. 2004) (holding that "a defendant's conviction in a single judicial proceeding for multiple counts arising from separate criminal episodes is treated as multiple convictions under section 924(e)(1)").   Nevertheless, the Court indicated it would consider all matters raised therein in arriving at an appropriate sentence.

### Motion to Proceed In Forma Pauperis (Document No. 65)

Because defendant was represented through sentencing by court appointed counsel through the CJA panel, Mr. Capone, defendant is not required to file a motion for indigent status and appointment of counsel, and this motion is therefore **DENIED** as moot.  However, because defendant stated he did not want Mr. Capone to continue to represent him on appeal, this Court indicated that new counsel would be appointed. The United States Court of Appeals for the Third Circuit will appoint counsel to represent defendant on appeal, pursuant to its customary practice.

### Motion to Correct Sentence and Motion for Sentencing Transcript to Litigate Motion (Document No. 63)

Defendant first argues his sentence should be vacated because the record does not reflect that the Court asked him if he had reviewed the addendum with his attorney. The Court recollects that it did ask whether defendant had an opportunity to review the

2

addendum and discuss it with his attorney, and whether he had reviewed the tentative findings and rulings and gone over them with his attorney.  The Court is satisfied defendant knew the Court's rulings on his objections as reflected in its tentative findings and rulings, and, in any event, defendant does not indicate how he might have been prejudiced even if the Court had not specifically asked him if he read and reviewed the addendum.

Defendant next argues the Court erred in failing to conduct a "Pepper [sic] colloquy" regarding his request to disqualify counsel and represent himself.  *United States v. Peppers*, 302 F.3d 120, 127-37 (3d Cir. 2002) (listing series of questions designed to provide a "useful framework" to ascertain whether defendant understands risks of proceeding pro se).  As this Court indicated it would do in its Order of March 2, 2006, this Court in fact conducted such an inquiry at the sentencing colloquy, although it not use the word "Peppers."  This argument is unfounded. See *United States v. Thomas*, 357 F.3d 357, 364 (3d Cir. 2004), *citing Gov't of Virgin Islands v. Charles*, 72 F.3d 401, 404 (3d Cir. 1995) ("There is no rote speech that the court must recite. . . ." to satisfy itself that defendant knowingly, intelligently and voluntarily waives his right to counsel).

Finally, defendant argues that this Court erred "When it Failed to Act upon Hughes Request to Represent Himself."  Again, this argument is not well founded, and is belied by the record.  After the Court explained the facts of "counseled- versus- uncounseled" life to defendant and conducted a thorough colloquy, Mr. Hughes explicitly stated, on the record, that he was withdrawing his request to represent himself

at the sentencing.

For the foregoing reasons, defendant's Motion to Correct Sentence and for Transcript to Litigate Motion is **DENIED**.

### Supplemental Motion to Correct Sentence (Document No. 64)

Defendant argues in this supplemental motion that he did not have an opportunity to "respond" to this Court's tentative findings and rulings because they were issued the day before sentencing. Defendant is correct that the Court did not file its tentative findings and rulings in this case until March 23, 2006, but he fails to articulate how he might have been prejudiced by the timing of the ruling on his frivolous objections.

Defendant also asserts that his sentence must be vacated because he "does not admit to the fact of his prior convictions and thus the government was required to prove these facts beyond a reasonable doubt." This issue is waived because defendant did not raise it before in his pro se objections. Counsel did not raise this issue in his counseled objections because it is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998), which held that the fact of a prior conviction need not be found by a jury. Despite the sea changes to the sentencing guidelines and procedure caused by the United States Supreme Court's *Apprendi*, *Blakely* and *Booker* decisions, *Almendarez-Torres* remains binding law unless and until the Supreme Court chooses to revisit the matter. *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005).

4

For the foregoing reasons, defendant's supplemental motion is also **DENIED**.

**SO ORDERED this 4th day of April, 2006.**

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc:

Scott W. Brady, Esquire
Stephen F. Capone, Esquire