IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 05-153** |
| | ) | **Electronically Filed** |
| **RICHARD JAMES HUGHES** | ) | |

**MEMORANDUM AND ORDER OF COURT DENYING
MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Defendant Richard James Hughes was sentenced on March 28, 2006, to a term of imprisonment of 180 months and five years supervised release following a guilty plea to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(2) and § 924(e). While defendant's direct appeal was pending,[1] a "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (doc. no. 76) was filed on his behalf by Frederick Banks who, according to his "Motion to Appear Pro Hac Vice" (doc. no. 75), is a "practicing member of a tribal court bar in Mississippi and Pennsylvania in good standing" with a "masters degree from a law school and is presently taking law courses" from Brigham Young and Asheworth Universities. Motion to Appear Pro Hac Vice at ¶¶ 3-4. The government has filed a response in opposition to both of defendant's motions (doc. no. 79).

After reviewing the pending motions, the government's response, defendant's "Supplemental Authorities to Modify Under 3582(c)(2)" (doc. no. 77), the Judgment and Commitment Order, the Court's Tentative Findings and Rulings, and the entire record in this case, the Court will deny both motions.

---

[1] On March 14, 2008, the United States Court of Appeals for the Third Circuit filed as its Mandate its Order of February 21, 2008, affirming this Court's Judgment and Commitment Order. (doc. no. 80). The government does not challenge this Court's jurisdiction to entertain the motion, and the Court presumes that the pendency of the appeal did not divest this Court of jurisdiction to consider the motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2).

**Motion to Appear Pro Hac Vice**

Because Mr. Banks does not claim to be admitted to practice before the Supreme Court of Pennsylvania or to be a member in good standing of that Court, the Supreme Court of the United States or any United States District Court, he is ineligible for admission to practice in this Court on behalf of other persons. LR 83.2.1.C. Accordingly, his Motion to Appear Pro Hac Vice (doc. no. 75) is DENIED. However, the Court will consider the motion to modify sentence as if it was filed pro se.

**Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

Defendant's motion to modify sentence is based on 18 U.S.C. § 3582(c)(2), which provides that the "court may not modify a term of imprisonment once it has been imposed' except for specific exceptions, including:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant claims that his sentence has been lowered by the Sentencing Commission in two ways. First, he claims that the recent well-publicized Amendment 706 to the 100-to-1 crack to powder cocaine sentencing ratio, effective November 1, 2007, should be applied retroactively to reduce his sentence. Second, he claims that another significant 2007 amendment to the guidelines, Amendment 709, would allow this Court to reduce his criminal history point score

2

and category, and thus reduce his sentence. Neither of these amendments have any impact on defendant's sentence or offer any grounds for relief under 18 U.S.C. § 3582(c)(2).[2]

Amendment 706 is listed by the United States Sentencing Commission ("Commission") in U.S.S.G. § 1(B)(1).10(c), which identifies the specific guideline amendments that a court may apply retroactively under 18 U.S.C. § 3582(c)(2). Conversely, U.S.S.G. § 1B1.10(a) explicitly provides that retroactive application of any guideline other than those listed in subsection (c) is not consistent with the Sentencing Commission's policy statement.

Amendment 706 is on the retroactive list; Amendment 709 is not. Accordingly, Amendment 709 cannot be retroactively applied to reduce defendant's sentence. United States v. Thompson, 70 F.3d 279, 280 (3d Cir. 1995); United States v. Garza, 2008 WL 687062 (D.Neb. 2008) ("Because Amendment 709 is not included in the list of retroactive amendments set out in U.S.S.G. § 1B1.10(c), Garza's sentence may not be lowered for the reasons raised in his motion.") (collecting cases); United States v. Wilson, 2008 WL 544973, *1 (D.Minn. 2008). ("Although Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable.") (collecting cases). Even assuming Amendment 709 could be applied retroactively, neither it nor Amendment 706 would impact defendant's sentence.

Defendant's sentence at the low end of the guidelines sentencing range was driven entirely by the mandatory, statutory minimum sentence he received for his guilty plea to being a convicted felon in possession in violation of 18 U.S.C. § 922(g)(1), and his statutory designation

---

[2] The government's response addresses only the non-impact of Amendment 706. However, the Amendment 709 argument is so obviously flawed, the Court addresses and resolves it in the absence of input from the government.

3

as an armed career criminal under 18 U.S.C. § 924(e)(1). Accordingly, the crack to powder cocaine sentencing ratio had nothing to do with his sentence. In any event, Amendment 706 would not help defendant because an amendment to the <u>advisory guidelines</u> cannot trump the <u>mandatory statutory</u> minimum sentence set by Congress. See <u>United States v. Rivera</u>, __ F.Supp.2d __, 2008 WL 576764, *3 (E.D.Pa. 2008) ("Rivera is not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged. Because he was sentenced as a career offender, the Guidelines range applicable to Rivera was that prescribed by U.S.S.G. § 4B1").

Amendment 709 addressed a recurring issue with regard to calculation of criminal history where a defendant was previously sentenced on the same day on pleas or convictions for offenses committed in separate incidents. However, defendant's criminal history and sentence was set by statute, section 924(e)(1), not by a guidelines calculation (except to the extent it incorporates the statute as the "floor"). See <u>United States v. Randolph</u>, 364 F.3d 118, 123-24 (3d Cir. 2004) (that "a defendant's conviction in a single judicial proceeding for multiple counts arising from separate criminal episodes is treated as multiple convictions under section 924(e)(1)").

For the foregoing reasons, defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 76) is DENIED.

SO ORDERED this 18th day of March, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Richard Hughes, Pro Se
Scott W. Brady, Esquire

Stephen F. Capone, Esquire